UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **MERCH TRAFFIC, LLC,** | ) |
|  | ) |
| Plaintiff, | ) CIVIL ACTION NO. 1:23-cv-11016 |
| vs. | ) |
|  | ) |
| **JOHN DOES 1-100, JANE DOES 1-100,** | ) |
| **and XYZ COMPANY,** | ) |
|  | ) |
| Defendants. | ) |

**COMPLAINT FOR TRADEMARK INFRINGMENT
AND VIOLATIONS OF THE LANHAM ACT**

Plaintiff files this complaint against defendants, alleging as follows:

**JURISDICTION AND VENUE**

1.      This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a), (b).  Defendants are or will be subject to personal jurisdiction in this district, as Defendants: have engaged or will engage in acts or omissions inside and/or outside of this district causing injury within this district; or are or will be present in and about this district in connection with the claims asserted herein.  Venue is proper under 28 U.S.C. § 1391(b), in that a substantial portion of the events or omissions giving rise to Plaintiff's claims by Defendants will occur before, during, and after the concerts scheduled in this judicial district, Defendants will be present in and about this judicial district in connection with the claims asserted in this action, and Defendants are or will be otherwise subject to personal jurisdiction in this Court.

**PARTIES**

2.      Plaintiff Merch Traffic, LLC ("Plaintiff") is a Delaware corporation with its

1

principal place of business in Los Angeles, California.

3. Defendants John Does 1-100, Jane Does 1-100 and XYZ Company are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

4. Upon information and belief, the Defendants will be present in and about the District of Massachusetts in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5. Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

6. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including, but not limited to tour books, T-shirts, jerseys, sweatshirts, hats, buttons and posters (collectively "Tour Merchandise") which embody the trademarks, service marks, likenesses, logos and other indicia of musical performers.

7. The Group "Dead & Company" uses this trademark in connection with their performing, merchandising and other related goods in all aspects of the entertainment industry and to distinguish the Group's services from all other such artists. The Group is comprised of certain members of the group the "Grateful Dead" which has used their trademarks in connection with recording and performing services for approximately 50 years and Dead & Company has used their mark for approximately 8 years.

8. Dead & Company and the Grateful Dead's trademarks, service marks, likeness, logos, designs, and other indicia are hereinafter collectively referred to as the "GD Trademarks." Many of the GD Trademarks are federally registered and many of these marks are incontestable See Exhibit A hereto.

9. Pursuant to an agreement between the Group and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all of the GD Trademarks (namely of "Dead & Company" and the "Grateful Dead") on and in connection with Tour Merchandise ("Authorized Tour Merchandise") sold and offered for sale at and in the vicinity of the Group's present United States tour (the "Tour").

10. The Plaintiff has used the GD Trademarks to identify officially authorized goods and services in interstate commerce and to distinguish their marks from those of others by, among other things, prominently displaying the GD Trademarks on merchandise, including T-shirts and other apparel.

11. The Group has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Group has appeared in concerts at major arenas and stadiums in the United States, and throughout the world and has been seen and heard in concert by millions of popular music enthusiasts. The previous tours by the Group were attended by hundreds of thousands of people.

12. As a result of the foregoing, each of the GD Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of merchandise bearing any or all of the GD Trademarks. Plaintiff and the Group annually realize substantial income from the sale of the Authorized Tour Merchandise bearing the GD Trademarks.

13. The Group will perform throughout the United States on their Tour, including on June 24 and 25, 2023 at Fenway Park, in Boston Massachusetts (the "Concerts"). Authorized Tour

Merchandise bearing any or all of the GD Trademarks will be sold throughout the United States, including before, during and after all Concerts on the Tour.

## DEFENDANTS' UNLAWFUL CONDUCT

14. Defendants, also known as "Bootleggers" will sell and distribute unauthorized, infringing T-shirts, jerseys, caps and/or other merchandise bearing any or all of the GD Trademarks (the "Infringing Merchandise" or "Bootleg Merchandise") in the vicinity of the Concerts, before, during and after their performances, and at subsequent concerts during the Tour.

15. The Infringing Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Infringing Merchandise is not authorized by the Group or Plaintiff. Further, the Infringing Merchandise that is being sold and to be sold by Defendants is generally of inferior quality. The sale of such merchandise has injured and is likely to injure the reputation of the Plaintiff for high quality Authorized Tour Merchandise.

16. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Infringing Merchandise is authorized, sponsored or approved by the Group and/or Plaintiff and that such Infringing Merchandise is subject to the same quality control and regulation required by the Group and/or Plaintiff, even though this is not true. It also injures Group and Plaintiff in that Defendants do not pay any royalties for these unlawful sales.

17. The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing trademarks, service marks, likenesses, logos and other indicia of the Group constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise. The use by Defendants of the Group's Trademark also constitutes an attempt to palm off and appropriate to themselves the Group's and Plaintiff's exclusive rights therein.

18. Upon information and belief, Defendants will continue to engage in such infringing activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Group.

19. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

### FIRST CLAIM FOR RELIEF
**(Infringement of Registered Trademark)**

20. Plaintiff realleges each allegation set forth in the paragraphs above.

21. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered mark.

### SECOND CLAIM FOR RELIEF
**(Violation of the Lanham Act)**

22. Plaintiff realleges each allegation set forth in the paragraphs above.

23. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Infringing Merchandise.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, Merch Traffic, LLC, seeks relief against Defendants as follows:

A. As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the trademarks, service marks,

likenesses, logos and other indicia of the Group or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B.  As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Infringing Merchandise which the Defendants attempt to sell or distribute within or in the vicinity of the Group's concerts on the Tour, including whether this occurs before, during or after the concerts.

C.  That Defendants deliver up for destruction all Infringing Merchandise.

D.  As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

E.  As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and such other and further relief as the Court deems to be just and proper.

Dated: May 9, 2023

Respectfully Submitted
MERCH TRAFFIC, LLC
By Its Attorneys
/s/ M. Lawrence Oliverio
M. Lawrence Oliverio, Esq., BBO #378755
loliverio@polsinelli.com
Polsinelli, PC
One International Plaza, Suite 3900
Boston, MA 02110
Tel: (617) 406-0335; Fax: (617) 830-0545

Cara R. Burns, Esq. (CA Bar # 137557)
Hicks, Mims, Kaplan & Burns
cburns@hmkblawyers.com
28202 Cabot Rd, Suite 300, Laguna Niguel, CA 92677
Tel: (310) 314-1721; Fax: (310) 314-1725